**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>  *Plaintiff,*<br><br>  v.<br><br>CECIL D. EALY, *et al.,*<br><br>  *Defendants.* | Case No. 25-cv-528-ABA |

**MEMORANDUM OPINION and ORDER**

Plaintiff United States Secretary of Housing and Urban Development ("HUD") has moved to dismiss a state-court quiet title counterclaim by William Nash that has been removed to this Court. Mr. Nash is the personal representative of Defendant Cecil Ealy, who is deceased. The counterclaim was filed in response to HUD's foreclosure action against the home Mr. Ealy owned with his wife, Defendant Lucile Ealy, who is also deceased. HUD has attached public records to its motion to dismiss that appear to defeat Mr. Nash's quiet title claim. For the reasons stated below, the Court finds that it has jurisdiction and that removal was proper under 28 U.S.C. § 1442, and will grant HUD's motion to dismiss Mr. Nash's counterclaim.

## I. BACKGROUND

This case began when HUD sought to foreclose on 402 Donovan Way, Upper Marlboro, Maryland (the "Property"). ECF No. 8-2. Both Lucille and Cecil Ealy have died, but while alive they owned the Property and had taken out a loan against it. ECF No. 13-2 at 6–13. The resulting mortgage interest in the Property eventually passed to HUD and became due following the death of both Ealys. ECF No. 13-2 at 60–67.

1

Following notice to the Ealys' estate, HUD initiated a foreclosure action in the Circuit Court for Prince George's County Maryland in August 2024. *See* Case No. C-16-CV-24-003942.

On December 9, 2024, William Nash, acting as personal representative of the estate of Mr. Ealy, filed a "[Complaint] to [Quiet] Title" in the docket of the foreclosure action. ECF No. 4. Mr. Nash is the Ealys' son, though the capacity in which he is a party here is as the personal representative of Mr. Ealy's estate. ECF No. 8-4 at 2–3; ECF No. 20 at 1. His complaint states that "[a] cloud exists on the title of the property due to an unperfected lien," and that "unknown Plaintiff(s) may have claims that create a cloud on the title." ECF No. 4 at 2. Mr. Nash goes on to request that the Court terminate any foreclosure proceedings and "[d]eclare that Defendant [the Estate] is the sole owner of the property described herein and 'Quiet Title' in favor of Defendant." *Id.* at 3. Though captioned and styled as a complaint, Mr. Nash filed this document in the same docket as HUD's original foreclosure action in the Circuit Court for Prince George's County Maryland. The filing included a certificate of service indicating that the document had been mailed to HUD and to Richard E. Solomon, HUD's counsel in the state action. ECF No. 4 at 8.

On January 9, 2025, HUD moved for a 60-day extension in state court to respond to the "complaint." ECF No. 8-8. In its motion, HUD recognized that Mr. Nash's filing "[t]hough captioned as a Complaint, . . . was filed in a foreclosure action in which HUD is the Plaintiff." *Id.* at 1. The Circuit Court granted this extension, giving HUD until March 10, 2025, to respond. ECF No. 8-9. HUD then filed a notice of removal to this Court on February 20, 2025, pursuant to 28 U.S.C. § 1441, which allows for removal based upon diversity or federal question jurisdiction, and 28 U.S.C. § 1442(a)(1), which

allows for removal of actions against U.S. agencies. ECF No. 1 at 2. After receiving several extensions in this Court, HUD filed a motion to dismiss in May 2025. ECF No. 13. Mr. Nash did not file an opposition.

This Court subsequently directed supplementary briefing on the propriety and timeliness of HUD's removal. ECF No. 15. HUD argued in its supplemental brief that removal was proper and timely under §§ 1441 and 1442, the bases for removal originally cited, as well as under 28 U.S.C. § 1444, which allows for removal of quiet title actions involving the United States. ECF No. 18. Mr. Nash missed the initial deadline to respond to this order, but later filed a motion for leave to file a late response, ECF No. 19, which the Court will grant. Mr. Nash's response is docketed as ECF No. 20.

## II.    DISCUSSION

### A.    Removal authority and jurisdiction

Mr. Nash has requested that this Court remand his quiet title claim back to the Circuit Court for Prince George's County Maryland instead of dismissing it. *Id.* ¶¶ 4–6. The Court will deny that request.

At the outset, the Court need not and will not rule regarding the timeliness of HUD's removal. Mr. Nash did not file a motion to remand within 30 days of the notice of removal, and thereby forfeited any opportunity to seek remand on *procedural* grounds (i.e., on grounds other than that this Court lacks subject-matter jurisdiction). *See* 28 U.S.C. § 1447(c); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008) ("[I]n the case where remand would be justified by a defect in removal other than a lack of subject matter jurisdiction, the defect must be asserted by a party's motion to remand filed within 30 days."). The timeliness of Mr. Nash's motion to remand does not end the analysis, however, because the Court has an independent

3

obligation to assess whether it has subject matter jurisdiction, and thus proceeds to do so notwithstanding the untimeliness of the request for remand. *See Ellenburg*, 519 F.3d at 198 ("In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act."). HUD has pointed to three possible bases for removal jurisdiction: 28 U.S.C. §§ 1441, 1442, and 1444. The Court will not address §§ 1441 and 1444, because it finds that removal is proper under § 1442.

Section 1442 is *usually* a vehicle for original state defendants who are federal officers or agencies to remove cases from state court that otherwise lack a federal question on the face of the original plaintiff's complaint. *See Mesa v. California*, 489 U.S. 121, 136 (1989) ("Section 1442(a) . . . merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged."); 14C *Wright & Miller's Federal Practice & Procedure* § 3726 (Rev. 4th ed. 2025) ("Section 1442 represents an exception to the well-pleaded complaint rule in the removal context because issues generally thought to be defensive in character, rather than the content of the plaintiff's claim, provide its raison d'etre."). But unlike other removal statutes such as § 1441, § 1442 does not refer to "the defendant" as the only party that may remove. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) ("Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that § 1441(a) does not permit removal by any counterclaim defendant."). Instead, it allows removal of "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any [federal] officer . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

The Fourth Circuit has not resolved whether an original state plaintiff may remove under § 1442. *See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, Case No. 16-cv-534-JCC/IDD, 2016 WL 3346349, at *2 (E.D. Va. June 16, 2016) (describing "the question of removability by the original plaintiff under 28 U.S.C. § 1442" as "an issue of first impression" in the Fourth Circuit).[1] Courts outside the Fourth Circuit have ruled both ways on the issue in numerous cases involving the Federal Home Loan Mortgage Corporation. *See, e.g., Fed. Home Loan Mortg. Corp. v. Thomas*, Case No. 16-cv-742-MHT-WC, 2017 WL 579957, at *1–2, *2 n.1 (M.D. Ala. Jan. 23, 2017) (collecting cases and allowing a state-court plaintiff to remove under another removal statute that incorporates § 1442 removal); *Fed. Home Loan Mortg. Corp. v. Litano*, Case No. 15-cv-10019-MAP, 2015 WL 3632334, at *5 (D. Mass. June 1, 2015) (holding under the same statute that a state-court plaintiff cannot remove). The Court concludes that HUD's removal in this case under § 1442 is permissible.

Because Congress intended to give federal officers and agencies a robust right to a federal forum, the Supreme Court repeatedly "has made clear that [§ 1442] must be 'liberally construed.'" *Watson v. Phillip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes,* 286 U.S. 510, 517 (1932)). Thus, courts must avoid "narrow, grudging interpretation[s] of the statute." *Maryland v. 3M Co.*, 130 F.4th 380, 388 (4th Cir. 2025) (quoting *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999)). Under this deferential standard, removal is proper here. As stated above, § 1442 allows for

---

[1] In reviewing a different order in *Northrup Grumman,* the Fourth Circuit affirmed the district court's order remanding an original plaintiff's removal on timeliness grounds only, stating explicitly that it was not deciding the issue of original plaintiff removal under § 1442. *Northrup Grumman Tech. Servs., Inc. v. DynCorp. Int'l LLC*, 865 F.3d 181, 183 n.1 (4th Cir. 2017).

removal of "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof." 28 U.S.C. § 1442(a)(1). Congress amended § 1442 in 2011 to define "civil action" broadly to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order . . . is sought or issued." 28 U.S.C. 1442(d)(1); *see also* Removal Clarification Act of 2011, Pub. L. 112-51, 125 Stat. 545 (2011); *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 467 (3d Cir. 2015), *as amended* (June 16, 2015) (explaining that Congress's 2011 amendments were intended to broaden the applicability of § 1442). Mr. Nash's quiet title complaint fits within this definition: it is a proceeding in which he seeks a judicial order clarifying rightful title to the Property. *See* ECF No. 4 at 3. Further, Section 1442's definition of civil action does not bar suits *in rem*, such as a quiet title claim. *See Philadelphia Cmty. Dev. Coal., Inc. v. Wells*, 779 F. Supp. 3d 539, 544 (E.D. Pa. 2025) ("[W]hile the underlying Petition was filed *in rem* with no named defendants, nothing in the amended language of § 1442 precludes removal of *in rem* disputes."). Mr. Nash's complaint was "commenced in a State court," through its filing in HUD's existing foreclosure action, and was "against or directed to" a federal agency, as it named HUD as the counter-party with an "adverse" claim to the Property. *See* ECF No. 4 at 3. Accordingly, § 1442's text supports removal, even though HUD was the original plaintiff in state court.

Some district courts concluding otherwise have focused on language in § 1446 (the provision outlining removal procedures) rather than the broader language in § 1442. *See, e.g.*, *Litano*, 2015 WL 3632334, at *5 (D. Mass. June 1, 2015) ("The only potentially applicable procedures for removal . . . apply to actions removed by

*defendants*") (citing 28 U.S.C. 1446(a)). But it is a "well-settled principle[] of statutory interpretation" that a legislature "generally acts intentionally when it uses particular language in one section of a statute but omits it in another." *Republic of Sudan v. Harrison*, 587 U.S. 1, 12 (2019) (quotation omitted). Section 1442, unlike multiple other removal statutes, does not refer to the "defendant" as the only party that may remove. The *omission* of "defendant" in § 1442 sheds more light on Congress's intent regarding federal agency removal than the *inclusion* of "defendant" in § 1446, which is the procedural provision for all removal statutes. *See Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 339 (4th Cir. 2009) (applying the "basic principle of statutory construction that when two statutes are in conflict, a specific statute closely applicable to the substance of the controversy at hand controls over a more generalized provision.") (quoting *Farmer v. Employment Sec. Comm'n of N.C.*, 4 F.3d 1274, 1284 (4th Cir. 1993)); *Asquino v. F.D.I.C.*, 196 B.R. 25, 29 (D. Md. 1996) ("It is a rule of statutory construction that, in reconciling the inconsistent requirements of two separate statutes, the more general provision must yield to the more specific."). Section 1442's plain text and the requirement of broad interpretation differentiate it from other removal statutes, and indicate that federal agency removal is not limited by § 1446, the more general procedural statute.

The difference in statutory language is also what distinguishes Fourth Circuit and Supreme Court cases finding that § 1446's reference to "defendant" is instructive to interpreting 28 U.S.C. §§ 1441 and 1453. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 n.4 (4th Cir. 2008) ("Section 1446 . . . sets forth the removal procedure for '[a] *defendant or defendants* desiring to remove any civil action … from a State court.' The interpretation of 'defendant or defendants' for purposes of federal removal

jurisdiction continues to be controlled by *Shamrock* [*Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)], which excludes plaintiff/cross-defendants from qualifying 'defendants.'") (quoting *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007)); *Home Depot*, 587 U.S. at 444–46 (applying similar reasoning to find that removal is not available to counter-defendants under §§ 1441 or 1453). The *Palisades* and *Home Depot* cases do not control here because in the statutes at issue there, "the only reference in the statute as to a party who may remove is to a 'defendant.'" *Palisades*, 552 F.3d 327 at 334. In those cases, the courts did not have to decipher conflicting text in §§ 1441, 1453, and 1446—all three describe removal as being available to "defendants." Section 1442 does not.

Other courts that have rejected original-plaintiff removal have emphasized that "Defendants cannot choose the forum nor can they voluntarily dismiss a case and refile it somewhere else, as the plaintiffs can. . . . Removal is therefore reserved for those who did not choose the forum but rather were haled into a forum of the plaintiff's choosing." *Fed. Home Loan Mortg. Corp. v. Amersey*, Case No. 13-cv-13753, 2014 WL 1400086, *3 (E.D. Mich. Apr. 9, 2014); *see also Litano*, 2015 WL 3632334, at *1 ("Allowing removal in these circumstances would not only countenance blatant forum shopping, but would place Plaintiff . . . in a uniquely privileged position with regard to removal.") (quotation omitted). Although that point may have force in other contexts, here HUD had no choice but to bring its foreclosure action in state court. HUD's case was initiated as a notice of default and foreclosure sale of the Property. ECF No 8-2 at 1–2. Until Mr. Nash filed the quiet title complaint, there was no basis for federal court jurisdiction, because there was no adverse claim against federal interests. *See MacFadyen v. Smith*, Case No. 10-cv-2802-WDQ, 2011 WL 1740583, at *3 (D. Md. May 3, 2011) (explaining that there is

8

generally no federal jurisdiction over state court foreclosure proceedings). 28 U.S.C. § 2410 allows parties to sue the United States in federal court over property rights, including quiet title and foreclosure actions, but it does not allow the United States to bring a foreclosure action in federal court.

And finally, HUD has shown that the case involves a federal law issue, which is required for removal under § 1442(a)(1). As discussed above, § 1442(a)(1) allows removal when a proceeding has been brought "for or relating to any act under color of [federal] office." Courts have interpreted this language to mean that § 1442 cannot confer jurisdiction independently—instead "removal under section 1442 must involve a federal issue." *Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 672 (E.D. Va. 2004); *see also State v. Ivory*, 906 F.2d 999, 1003 (4th Cir. 1990) ("To be in federal court under § 1442 one must first allege a colorable federal defense."); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209–10 (4th Cir. 2016) (§ 1442 "allows a defendant to remove a case from state to federal court if the defendant establishes . . . a 'colorable federal defense.'") (quoting *Jefferson Cnty.*, 527 U.S. at 431). HUD has made a showing of a colorable federal defense here. It is a federal agency and acted pursuant to its official authority in seeking foreclosure related to a government-held mortgage. HUD has also indicated that it has a federal sovereign immunity defense it would assert if litigation were to continue. *See* ECF No. 18 at 1–2. Such a defense "squarely implicates § 1442(a)(1)'s core purpose." *North Carolina v. United States*, 7 F.4th 160, 163 (4th Cir. 2021).

For these reasons, this Court has jurisdiction and removal was proper.

## B.    Motion to dismiss

On the merits, HUD argues first that Mr. Nash's claim should be dismissed because he only provides conclusory statements regarding a cloud on the Property's

ownership in his complaint without any supporting factual allegations. ECF No. 13-1 at 7. In the alternative, HUD contends that the Court should consider county property records it has attached to its motion to dismiss, *see* ECF No. 13-2 at 6–24, and grant summary judgment to HUD because the records show the lien was properly recorded. ECF No. 13-1 at 8.

For purposes of a motion to dismiss, the Court assumes the truth of all plausible factual allegations in the Plaintiff's complaint but need not assume the validity of legal conclusions contained therein. In his complaint, Mr. Nash contends that "[a] cloud exists on the title of the property due to an unperfected lien . . . that affects the Defendant's ownership." ECF No. 4 at 3. This contention refers to HUD's mortgage interest, as Mr. Nash subsequently claims that a property search he conducted, the results of which are attached to his complaint, "proves the Plaintiff(s) did not perfect their . . . lien [on] my property." *Id.* Mr. Nash further states that "unknown Plaintiff(s) may have claims that create a cloud on the title," *id.*, but does not explain who these unknown plaintiffs are.

Under Maryland law, "[a] plaintiff bringing a quiet title action must make two showings": (1) "that the defendant with a competing claim has an interest that is actually defective, invalid, or ineffective," and (2) "that his claim of entitlement to the property at issue is valid." *Quattlebaum v. Bank of Am., N.A.*, Case No. 14-cv-2688-TDC, 2015 WL 1085707, at *4 (D. Md. Mar. 10, 2015) (quotation omitted); *see also* Md. Code Ann., Real Prop. § 14-108 (Maryland's quiet title statute). The essence of Mr. Nash's claim is that HUD's interest is invalid under the first element because it was not perfected.

HUD has included a recorded deed of trust and assignments bearing the stamp of a circuit court clerk. *See* ECF No. 13-2 at 6, 17. The Court "may properly consider . . .

'official public records, . . . so long as the authenticity of these documents is not disputed.'" *L.M. by Roe #1 v. Graham*, ---F.4th ----, Case No. 25-1213, 2026 WL 547689, at *1 (4th Cir. Feb. 27, 2026) (quoting *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *see also Bank of Am., N.A. v. Kissi*, Case No. 12-cv-3266-PWG, 2013 WL 4804824, at *1 (D. Md. Sept. 6, 2013). ("This Court also may take judicial notice of the existence of court records, even in the context of a motion to dismiss.") (citations omitted). Mr. Nash did not respond to HUD's motion to dismiss and did not dispute the authenticity of these records in his motion for leave or response to the order to show cause. ECF Nos. 19, 20. The Court thus may consider the court records pertaining to the Property that HUD has submitted.

Applying the standards outlined above, Mr. Nash's quiet title claim does not state a claim on which relief can be granted because his core allegation is directly contradicted by undisputed court records. Mr. Nash's claim is entirely premised upon the contention that HUD's lien was unperfected. He makes no other factual allegation that would support the invalidity of HUD's interest. "An instrument granting in interest in real property is recorded in the circuit court of the county where the property is located." *Shelter Senior Living IV, LLC v. Baltimore Cnty., Maryland*, 251 Md. App. 129, 143 (2011) (citing Md. Code Ann., Real Prop. § 3-103). HUD has provided the deed of trust pertaining to the Property that was stamped and recorded by the Clerk for the Circuit Court of Prince George's County. ECF No. 13-2 at 6, 17. The deed of trust states that the lender has the power to initiate a foreclosure sale. *Id*. at 11–12. HUD has also provided assignments of the deed of trust to Mortgage Electronic Registration Systems, Inc. and subsequently to HUD, which also bear the stamp of the Clerk of the Circuit Court of Prince George's County. ECF No. 13-2 at 19–24. The Court is "not required" to

"'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *see also Bankston v. Warden, FPC Alderson*, Case No. 22-cv-601, 2024 WL 5470409, at *4 (S.D.W. Va. Feb. 6, 2024), *report and recommendation adopted*, Case No. 22-cv-601, 2025 WL 849818 (S.D.W. Va. Mar. 18, 2025) ("Although a court ruling on a motion to dismiss must accept as true all well-pleaded allegations, it need not accept allegations that contradict exhibits."). Mr. Nash's few factual allegations in his quiet title complaint are directly contradicted by the court records: HUD did record its interest in the Property.

Although the pleadings of self-represented litigants must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not permit ignoring a failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate."). Here, Mr. Nash's sole factual contention supporting his claim is contradicted by undisputed court records. Accordingly, the Court will dismiss Mr. Nash's counterclaim.

Having dismissed Mr. Nash's counterclaim, the Court will remand HUD's foreclosure action back to the Circuit Court for Prince George's County. "[A] district court has inherent power . . ., in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014) ("[S]upplemental jurisdiction is a

doctrine of discretion, and not a plaintiff's right."). 28 U.S.C. 1367(c)(3) allows federal courts to remand remaining state law claims if the claims that formed the basis for removal are dismissed. "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Morales v. Richardson*, 841 F. Supp. 2d 908, 914 (D. Md.), *aff'd*, 475 F. App'x 894 (4th Cir. 2012); *see also Gregory v. Otac, Inc.*, 247 F. Supp. 2d 764, 773 (D. Md. 2003) ("A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over a state claim when the federal claims have been disposed of prior to a full trial on the merits."). As the parties have not invested significant resources in litigating this case and foreclosure actions are a core state law issue, this Court will not exercise supplemental jurisdiction over HUD's notice of foreclosure.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Mr. Nash's motion for leave to file a late reply (ECF No. 19) is GRANTED;

2. HUD's motion to dismiss the counterclaim (ECF No. 13) is GRANTED; and

3. The case is REMANDED to the Circuit Court for Prince George's County.

Date:  March 9, 2026

_____*/s/*_____

Adam B. Abelson
United States District Judge

13